**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  20-cv-02370-DDD-MEH

TOWN OF ERIE,

      Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,

      Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

      The Scheduling Conference was conducted by phone on September 14, 2020 at 10:45 a.m. Present

at the Scheduling Conference were the following counsel of record:

| | |
|---|---|
| J. Andrew Nathan<br>Nathan Dumm & Mayer P.C.<br>7900 E. Union Avenue, Suite 600<br>Denver, CO 80237<br>P: (303) 691-3737<br>E: anathan@ndm-law.com<br><br><br>*Attorneys for Plaintiff* | Dmitry B. Vilner<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>P: (303) 244-1800<br>E: vilner@wtotrial.com<br><br><br>*Attorneys for Defendant* |

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  <u>Plaintiff</u>: Erie suffered from computer fraud and forgery in or about October 2019, when an unknown criminal actor accessed Erie's website and obtained a Vendor ACH Payment Enrollment Form. The unknown actor completed and submitted the form to Erie, purportedly upon behalf of a legitimate vendor that had an ongoing relationship with Erie.  The form appeared to be legitimate.  After the form was uploaded and routed electronically through Erie's system, Erie changed payment methods for the vendor. As a result of the fraud, two payments meant for the vendor were instead re-rerouted to unknown bank accounts, presumably owned or operated by the criminal actor(s). Erie suffered a loss in the amount of $1,106,223.80.

Erie is the holder of an insurance policy that covers, among other losses, computer fraud and forgery. Erie timely submitted notice of a claim to National Union and otherwise complied with all conditions and obligations required of it under the policy.

Although Erie is insured for up to $2 million dollars for both computer fraud and forgery coverage, National Union paid out only five percent of the policy's value and denied the remainder of Erie's claim. As justification, National Union erroneously relied on an additional endorsement entitled "Impersonation Fraud Coverage." This coverage, the sublimit for which does not appear on the declarations page, purports to provide "additional coverage" to the insured at no additional premium. Yet National Union has taken the position that it severely

undercuts coverage, eliminating the $2 million dollar value of the policy and replacing it with $100,000 limit. National Union's interpretation of the policy is incorrect. The endorsement it relies upon does not in fact shield National Union from paying out the full value of the policy for which Erie has consistently paid premiums. Instead, under the circumstances presented in Erie's loss, the policy provides full coverage for both "computer fraud" and "forgery."  Even if the policy is ambiguous, any ambiguity is construed against the insurer.

In denying the full value of Erie's claim, National Union has breached its contract of insurance. It has also violated the reasonable expectations of its insured by relying upon an endorsement that purports to offer additional coverage, yet, at least according to National Union, is meant to severely undercut coverage (all without identifying such loss of coverage in the declarations or policy itself). Erie also asserts a first-party statutory claim under C.R.S. § 10-3-1116.

b.  <u>Defendant</u>: Defendant issued a Government Crime Policy to Participating Members of the Colorado Intergovernmental Risk Sharing Agency, effective January 1, 2019 to January 1, 2020, with policy number 06-182-35-66 ("The Policy"), under which Erie was a named insured. Erie reported the October 2019 loss and made a claim for $1,106,223.80 under the Policy arising out of that alleged loss. National Union promptly investigated the claim and determined the loss was covered by a specific endorsement for Impersonation Fraud. Based on National Union's investigation, Erie, in violation of its own rules, published a form for changing the payment instructions for vendors on its website. The form was downloaded and submitted to Erie with false information advising Erie that the vendor's payment instructions had changed. Erie received the form and acted on the form to change the payment information for a vendor. These

actions did not occur automatically and, instead, required manual changes by an authorized employee of Erie who stated she attempted to confirm the accuracy of this information before making the change. Further, Erie's computers were not hacked, nor were fraudulent instructions sent directly to the bank. Instead, an authorized employee of Erie transferred the funds as a result of a fraudulent instruction impersonating a vendor. Based on National Union's investigation, the claim does not qualify as computer fraud or forgery, but, rather qualifies as an Impersonation Fraud based on the unambiguous policy language. This provision specifically provides coverage up to $100,000 for "for the loss of 'funds' resulting from your receipt of a 'fraudulent instruction' from a purported vendor, which advises you that the vendor's bank account information has been changed and you suffer a loss of 'funds.'" National Union denies that it breached the policy, denies it violated the reasonable expectations of the policy, denies it unreasonably delayed or denied payment of a covered benefit, or otherwise acted improperly.

## 4.  UNDISPUTED FACTS

1.      Defendant issued the Policy, attached as Exhibit A to Defendant's Answer to the Complaint, under which Erie is a named insured.

2.      The Policy was in effect when Erie reported a loss in 2019.

3.      Defendant paid $100,000 in benefits to Erie under the Impersonation Fraud endorsement.

## 5.  COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Erie seeks to recover the full value of its covered loss, less its deductible and partial payment from Defendant. Erie also seeks statutory damages under C.R.S. § 10-3-1116, as well as attorney's fees and costs.

Defendants: Defendants do not seek damages at this time, but reserve the right to seek any attorney fees and costs to which it is entitled by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

On August 31, 2020 at 3:00 pm the parties held a 26(f) conference by phone between counsel for the parties.

b. Names of each participant and party he/she represented.

J. Andrew Nathan representing Erie.

Jeremy Moseley representing National Union.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make their Rule 26(a)(1) disclosures as required by the Rule, by no later than September 11, 2020.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. Civ. P. 26(a)(1).

3 days early.

e. Statement concerning any agreements to conduct informal discovery:

The parties do not have any specific agreement at this time to conduct informal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation

costs, including the use of a unified exhibit numbering system.

The parties agree to utilize a unified exhibit numbering system for deposition exhibits.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate having some electronically stored information to produce.

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties discussed settlement before the case was filed and will continue to explore resolution. However, some discovery may be necessary before any settlement discussions will be productive.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree that Plaintiff and Defendant shall be limited to the presumptive limit of 10 depositions per side. Each side may issue up to 25 interrogatories to the opposing side.

b.   Limitations which any party proposes on the length of depositions.

The parties agree that each deposition should be limited to 1 day of 7 hours, as stated by FRCP 30(d). Any 30(b)(6) deposition may be spread out over several days, if necessary to accommodate multiple witnesses but will still be limited to a total of 7 hours, regardless of the number of topics or witnesses designated.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side may be issued up to 25 RFPs and up to 25 RFAs to the opposing side. These limitations shall exclude requests for admissions as to authenticity.

d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Deadline for Interrogatories: March 8, 2021

Deadline for Requests for Production of Documents and/or Admissions: March 8, 2021

e.   Other Planning or Discovery Orders

Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov.  See Fed. R. Civ. P. 16, cmt. 2015 Amendment. The Court will determine at the conference whether to grant the movant leave to file the motion.

## 9.  CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings:

Amended and supplemental pleadings will be made by October 19, 2020 and pursuant to Fed. R. Civ. P. 15.

b. Discovery Cut-off: April 12, 2021.

c. Dispositive Motion Deadline: May 10, 2021.

d. Expert Witness Disclosure

   1. The parties shall identify anticipated fields of expert testimony, if any.

      <u>Plaintiff</u>: May call expert(s) in the fields of insurance adjusting, insurance coverage and/or reasonable expectations based on policy language and/or computer fraud.

      <u>Defendant</u>: Defendant anticipates identifying experts in the fields of insurance claims handling and computer fraud, as well as any field necessary for rebuttal of Plaintiff's experts.

   2. Limitations which the parties propose on the use or number of expert witnesses.

      The parties agree to a limit of three (3) experts per side.

   3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 11, 2021**.**

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 11, 2021

e. Identification of Persons to Be Deposed:

<u>Plaintiff</u>: To be determined.

<u>Defendants</u>: To be determined.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case by Judge Domenico.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith

effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

Trial will be to jury and is anticipated to last 4 days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado

Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood

Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La

Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's

client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be amended or altered only upon a showing of good cause.

DATED at Denver, Colorado, this 14th day of September, 2020.

BY THE COURT:

S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ J. Andrew Nathan*<br>Nicholas Poppe<br>Nathan Dumm & Mayer P.C.<br>7900 E. Union Avenue, Suite 600<br>Denver, CO 80237<br>P: (303) 691-3737<br>E: anathan@ndm-law.com<br>npoppe@ndm-law.com | *s/ Jeremy A. Moseley*<br>Michael L. O'Donnell<br>Jeremy A. Moseley<br>Dmitry B. Vilner<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>P: (303) 244-1800<br>E: odonnell@wtotrial.com<br>Moseley@wtotrial.com<br>vilner@wtotrial.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |